ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-                                      **MEMORANDUM AND ORDER**
                                                    Case No. CR-00-539 (FB)

DEXTER WALLACE, also known as "Trini,"

                Defendant.
----------------------------------------------------------x

*Appearances*
*For the United States of America:*          *For the Defendant:*
ROSLYNN R. MAUSKOPF, ESQ.          DEXTER WALLACE, *Pro Se*
United States Attorney                       Reg. No. 58561-053
Eastern District of New York            Federal Detention Center
By: ELIZABETH A. LATIF, ESQ.         Post Office Box 5010
147 Pierrepont Street                          Oakdale, LA 71463-5010
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Proceeding *pro se*, defendant Dexter Wallace ("Wallace") moves to withdraw his guilty plea on the grounds that (1) "counsel mis-informed him of the direct consequences of the underlying federal deportation proceedings, before pleading guilty"; and (2) "the trial court failed to admonish [him] of the direct consequences of the on-going Federal Deportation proceedings when [he] plead[ed] guilty," resulting in a plea that was "[i]nvoluntary, unintelligent and unknowing." Def.'s Mot. to Withdraw Plea of Guilty at 4, 9, 12.[1]

---

[1] Page numbers refer to defendant's pagination, which labels the first page as "4."

1

Pursuant to the Federal Rules of Criminal Procedure, "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). A review of the docket sheet reveals: (1) Wallace pleaded guilty to a single-count violation of 18 U.S.C. § 1029(a)(3) on September 8, 2000, *see* Docket Entry #16 (Calendar Entry); (2) the Court entered a judgment of conviction and sentence on April 11, 2001, *see* Docket Entry #20 (Judgment); and (3) Wallace did not file a direct appeal. Accordingly, Wallace's motion can only be characterized as a collateral attack of his sentence pursuant to 28 U.S.C. § 2255.

In accordance with the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375 (2003), the Court hereby (1) advises Wallace of its intent to recharacterize his motion as a § 2255 motion; (2) warns Wallace that if his motion is recharacterized, any subsequent § 2255 motion would have to be certified pursuant to 28 U.S.C. § 2255 ¶ 8 by a panel of the Second Circuit Court of Appeals to contain (a) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Wallace guilty of the offense, or (b) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; and (3) grants Wallace 30 days from the issuance of this order to withdraw, or to amend, the present motion. *See id.* at 377.

If Wallace does not respond, the Court will treat his motion as a § 2255 motion and adjudicate it accordingly.

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 1, 2007